■ MOSES POLAKOFF, Appellant-Respondent, v. NEW YORK WORLD-TELEGRAM CORPORATION, Respondent-Appellant.— Implicit in the order appealed from is a recognition that the article complained of is libelous. We hold on the law and facts that the article is libelous. The court carefully charged the jury on damages and it is apparent from the record that the jury was fully aware of the distinction to be made between purely nominal damages on the one hand and compensatory damages on the other. In returning the verdict for plaintiff, the jury's foreman expressly stated that the amount awarded was for compensatory damages. The Trial Judge apparently felt that plaintiff was entitled to nominal damages only. However, we think it was for the jury to say whether the damages should be nominal or compensative. Of course, in a libel action damages cannot be fixed with any degree of mathematical certainty. Where a jury has arrived at an amount which in its opinion represents proper compensation, it should not be disturbed or reduced unless it is clearly excessive. On this record we do not think that the jury's verdict is excessive. Order, insofar as it sets aside the verdict, unanimously reversed, with costs to the plaintiff-appellant, and insofar as it denies defendant's motions to dismiss the complaint, unanimously affirmed. The verdict of the jury is reinstated and judgment is directed to be entered in favor of the plaintiff in the amount of $50,000 plus interest and costs. Concur — Peck, P. J., Botein, Rabin and Bergan, JJ.

■ In the Matter of the Accounting of HAROLD H. FREUND, as Trustee under the Will of ROSE WEILAND, Deceased, Respondent. JOSEPH KLINGENSTEIN et al., as Executors of SOPHIE C. ADLER, Deceased, Appellants; ETTA M. GREENSPECHT, as Administratrix of the Estate of ALBERT GREENSPECHT, Deceased, et al., Respondents.— Decree, so far as appealed from, affirmed, with costs to all parties appearing and filing briefs herein payable out of the estate. No opinion. Concur — Botein, Rabin, Cox and Frank, JJ.; Peck, P. J., dissents and votes to reverse in the following memorandum: I find in the context of this will and testamentary pattern persuasive evidence that the testator intended the principal of the trust to vest in the remaindermen. The clause in question is ambiguous. It certainly is not a clear provision requiring survivorship of the life tenants for the remaindermen to take, and it is at least susceptible of an interpretation, which I find more consistent with the testamentary pattern, that the clause was concerned with survivorship between the remaindermen rather than with survivorship of the remaindermen over the life tenants. I would construe the clause as vesting the remaindermen subject to divestment, in the event that one survived the life tenants and the other did not, of the share of the one who did not survive in favor of the one who did.